JACK B. LEWIS, APPELLEE, v. ELBERT M. GALLEMORE, SR., APPELLANT, IMPLEADED WITH ELBERT M. GALLEMORE, JR., APPELLEE.

113 N. W. 2d 595

Filed March 2, 1962. No. 35152.

*Kenneth H. Dryden*, for appellant.

*Dier, Barton & Barton* and *Charles H. Beatty*, for appellee Lewis.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is a second appeal in an action in equity in which Jack B. Lewis, the appellee, was the plaintiff, and

Elbert M. Gallemore, Sr., the appellant, was the defendant. Elbert M. Gallemore, Jr., was joined as a defendant in the district court but has made no further appearance in that court or in this court.

On the first appeal, the judgment of the district court finding that the plaintiff owned a 25 percent interest in a joint venture which owned and operated Radio Station KRNY at Kearney, Nebraska, was affirmed. Reference should be made to the opinion, reported *ante*, p. 211, 113 N. W. 2d 54, for a summary of the pleadings and evidence upon the first appeal.

The judgment rendered following the hearing on March 10, 1961, also found that the assets of the radio station should be placed in the hands of a receiver forthwith, and directed the sheriff to take charge of the assets of the radio station until the further order of the court. At the same time the court announced that Jac L. Bye was appointed receiver and his bond fixed at $5,000. The receiver filed an oath and bond on March 11, 1961. The bond was approved and letters of receivership were issued to the receiver that same day.

The letters of receivership directed the receiver to make an investigation and recommendation at an early date as to the advisability of the sale of the radio station. On March 16, 1961, the receiver filed a report recommending that the station be sold immediately. On March 18, 1961, the court ordered the receiver to offer the radio station for sale free and clear of all indebtedness and to advertise for sealed bids to be opened April 7, 1961. On April 11, 1961, the receiver filed a report stating that three sealed bids had been received and requesting that the court confirm the sale of the station to the highest bidder. On April 12, 1961, the report of the receiver was heard and considered. The sale of the radio station to the highest bidder was approved and confirmed, and the receiver was ordered to "convey said radio station to said purchaser by appropriate instruments upon their securing F.C.C. approval,

and payment of the balance of the purchase price."

The defendant filed a motion for new trial on March 16, 1961, and a "supplementory motion for new trial upon the confirmation of receivers sale" on April 14, 1961. Both motions were overruled on April 14, 1961. On May 12, 1961, the defendant filed a notice of appeal from the holding of the district court in "overruling motion for new trial on April 14, 1961." The first appeal then followed which resulted in the judgment rendered on March 10, 1961, being affirmed.

On August 11, 1961, the receiver and the purchaser filed motions for an order authorizing the receiver to issue a bill of sale to the purchaser and pay the amounts due the secured creditors from the balance of the purchase price. On August 14, 1961, the court sustained the motions and directed the receiver to complete the sale of the radio station.

On August 15, 1961, the defendant filed a motion asking the court to reconsider the action taken on August 14, 1961. This motion was overruled on August 23, 1961, and a notice of appeal was filed on September 14, 1961. This appeal is, therefore, limited to a review of the action of the district court on August 14, 1961, and August 23, 1961.

The bill of exceptions contains only the statements of counsel and the remarks of the court made at the hearing on the motion to reconsider on August 23, 1961.

The order of April 12, 1961, confirming the sale of the radio station to the highest bidder and directing the receiver to convey the radio station to the purchaser upon approval by the Federal Communications Commission and the payment of the balance of the purchase price was a final order and could have been reviewed upon the first appeal in this action. § 25-1090, R. R. S. 1943; Federal Farm Mtg. Corp. v. Ganser, 145 Neb. 589, 17 N. W. 2d 613. The failure of the defendant to present the order of April 12, 1961, for review upon the first appeal in this action prevented its review at that time. The

order has now become final and is not subject to review on appeal at this time.

The order entered August 14, 1961, directing the receiver to complete the sale of the radio station to the purchaser was ministerial in nature and was not a final order from which an appeal could be taken. It was intended solely for the purpose of carrying out the order of confirmation entered on April 12, 1961, and involved no new features on which the defendant had a right to be heard. See State ex rel. German Savings Bank v. Fawcett, 58 Neb. 371, 78 N. W. 636.

It necessarily follows that the order entered August 23, 1961, overruling the defendant's motion to reconsider the action taken August 14, 1961, is not a final order from which an appeal could be taken. A party cannot obtain the right to a review upon appeal of an order that is not otherwise a final order from which an appeal could be taken by the device of a motion to reconsider. To the extent that the motion to reconsider attempted to attack the validity of the receiver's sale which had been confirmed more than 4 months previously, it was a motion for new trial filed out of time and, therefore, a nullity. Ricketts v. Continental Nat. Bank, 169 Neb 809, 101 N. W. 2d 153.

There is no final order in this action which is subject to review upon appeal at this time. For that reason the appeal is dismissed. The other matters discussed in the defendant's brief do not require further consideration at this time.

APPEAL DISMISSED.

SIMMONS, C. J., participating on briefs.