JACQUELINE A. CORELL, APPELLANT, V. LOREN S. CORELL, JR., APPELLEE.

266 N. W. 2d 84

Filed May 24, 1978. No. 41545.

Jacqueline A. Corell, pro se.

Hosford & Hosford, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

PER CURIAM.

This is an appeal from an order dismissing an application for modification of the decree in a proceeding for dissolution of a marriage. The parties were married in 1957. The marriage was dissolved in 1975. The trial court took custody of the children of the parties, awarding possession of the oldest child, Lorene, to the petitioner and possession of the two younger children, Linda and Judith, to the respondent.

On January 17, 1977, the petitioner filed an application for modification of the decree in regard to the possession and care of Linda, who was then 15 years of age. The petitioner requested that the possession

and care of Linda be awarded to the parties during alternate months and alleged that Linda had "advised the petitioner that she would prefer to live with petitioner one month, and respondent during alternate months." On the same date the petitioner filed an application to require the respondent to pay for an appendectomy that Lorene had required in October 1976, and an application to obtain the title to an automobile, the possession of which had been awarded to the petitioner in the decree.

The petitioner was represented by counsel in the original proceedings and was represented by counsel until April 5, 1977, the day of the hearing on the application. On that day the petitioner appeared in open court and stated that she wished to proceed pro se. Her counsel then moved for leave to withdraw and the hearing proceeded with the petitioner appearing pro se.

The petitioner offered her own testimony, most of which was irrelevant and was excluded upon objection by the respondent. The petitioner also offered two exhibits to which objections were sustained. No evidence was offered in regard to the applications concerning the medical expenses of Lorene or the title to the automobile.

At the conclusion of the petitioner's evidence the respondent moved to dismiss the application concerning the medical expenses. The petitioner then asked permission to call her daughter Lorene as a witness. The trial court refused the petitioner permission to withdraw her rest but continued the matter until May 23, 1977. The trial court advised the petitioner that she had not made a prima facie case but that the applications would not be dismissed at that time. The trial court further advised the petitioner that if she appeared with counsel on May 23 he would allow her to withdraw her rest and introduce additional evidence, but if she appeared pro se at that time the applications would be dismissed and

she would not be allowed to introduce additional evidence.

On May 23, 1977, the petitioner again appeared without counsel. The trial court advised the petitioner that the applications would be dismissed. The petitioner then moved for a continuance until she could obtain counsel. The continuance was refused and the applications were dismissed. Before dismissing the applications the trial court interviewed Linda and Judith in chambers. The interviews were not recorded.

The petitioner filed a motion for new trial on June 14, 1977, which was not within the time required by section 25-1143, R. R. S. 1943. This motion was overruled on July 1, 1977. The notice of appeal was filed on July 1, 1977. Since the motion for new trial was filed out of time, the time for appeal commenced to run from the rendition of the judgment on May 23, 1977. See, § 25-1912, R. R. S. 1943; Ehlers v. Neal, 148 Neb. 697, 28 N. W. 2d 558.

The petitioner's brief filed in this court alleges that the trial court denied the petitioner the right to represent herself; that the evidentiary rulings made by the trial court were erroneous; and that the dismissal of the applications was premature.

We have examined the record and there is no merit in any of these contentions. Ordinarily, the judgment would be affirmed. However, the record shows the appeal was not perfected within the time required by law and this court acquired no jurisdiction. The appeal must therefore be dismissed.

APPEAL DISMISSED.