THE COLLECTION BUREAU OF LINCOLN, NEBRASKA, INC.,
ASSIGNEE, APPELLEE, V. KENNETH LOOS, APPELLANT.

443 N.W.2d 605

Filed July 28, 1989.    No. 89-367.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Kenneth Loos appeals an order of the Lancaster County District Court, which, acting in its appellate capacity, affirmed the Lancaster County Court in awarding judgment against Loos and in striking appellant's cross-petition.

In this court, The Collection Bureau of Lincoln, Nebraska, Inc. (CB), assignee and original plaintiff in the trial court, filed a motion for summary disposition under Neb. Ct. R. of Prac. 7B(1) (rev. 1989), claiming this court lacked jurisdiction. We do lack jurisdiction and dismiss Loos' appeal.

After the Lancaster County Court entered judgment against Loos and struck his cross-petition, Loos timely appealed to the Lancaster County District Court. On February 1, 1989, the district court affirmed the judgment of the county court. On February 8, Loos filed a motion for a new trial in the district court. After a hearing, the motion was overruled on March 21, 1989.

On April 18, 1989, 76 days after the district court affirmed the judgment of the county court, Loos filed a notice of appeal to this court. CB asserts that the notice of appeal was not filed in time to give this court jurisdiction. We agree.

The issue presented is whether a motion for a new trial in the district court is a proper pleading where the district court,

acting as an intermediate appellate court, affirms a county court judgment. *State v. Ferris*, 216 Neb. 606, 344 N.W.2d 668 (1984), is determinative of the issue. There, we found that Neb. Rev. Stat. § 24-541.06 (Cum. Supp. 1982) provided that,

> with certain exceptions not material here, the district court reviews appeals from the county court for error appearing on the record made in the county court. Consequently, a motion for new trial based on newly discovered evidence is to be presented to the county court as the fact finder, not to the district court which sat as an appellate court.

*State v. Ferris, supra* at 607, 344 N.W.2d at 669.

Loos argues (1) that *Ferris* is not applicable because it is a criminal case and (2) that the district court hearing in his case was a trial. Except in certain circumstances not relevant here, § 24-541.06 (Cum. Supp. 1988) applies equally to civil and criminal appeals.

Loos' argument that the hearing in district court was a trial has no support in fact or in law. The county court bill of exceptions was before the court pursuant to § 24-541.06(2). There was no other evidence and, in fact, no trial. Section 24-541.06(1) provides that the district court shall review the case for error appearing on the record made in county court.

A motion for new trial is not properly presented to the district court after its decision affirming or reversing the judgment of the county court. In such an instance, the district court sits as an intermediate appellate court, not a trial court. A motion for new trial is proper only in the trial court.

CB's motion for summary disposition is sustained and the appeal dismissed for this court's lack of jurisdiction, the notice of appeal having been filed out of time.

APPEAL DISMISSED.