KAYE METREJEAN, APPELLANT, V. FRANK O. GUNTER, DIRECTOR, DEPARTMENT OF CORRECTIONAL SERVICES, ET AL., APPELLEES.

481 N.W.2d 176

Filed March 6, 1992.    No. S-89-732.

J. Murry Shaeffer for appellant.

Robert M. Spire, Attorney General, and Lisa D. Martin-Price for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

SHANAHAN, J.

Kaye Metrejean commenced an action in the district court for Lancaster County regarding disciplinary action taken by Frank O. Gunter, director of the Nebraska Department of Correctional Services, and Gary Burger, personnel officer of the Nebraska Department of Correctional Services, against Metrejean, a correctional officer at the Nebraska Center for Women.

On June 16, 1989, the district court sustained the Gunter-Burger demurrer to Metrejean's third amended petition and dismissed the action when Metrejean elected to stand on her pleading. See *Bert Cattle Co. v. Warren*, 238 Neb. 638, 471 N.W.2d 764 (1991) (dismissal of an action after a demurrer has been sustained to a petition without repleading is a final order). See, also, *Balfany v. Balfany*, 239 Neb. 391, 476 N.W.2d 681 (1991). Metrejean, on June 27, filed a motion for new trial, which the district court overruled on July 12. Thereafter, on July 26, Metrejean filed her notice of appeal to this court and claims that the district court erred by sustaining the demurrer.

Jurisdiction is a prerequisite for this court's consideration of Metrejean's appeal. See *In re Interest of B.M.H.*, 233 Neb. 524, 527, 446 N.W.2d 222, 224 (1989) ("[a]n appellate court acquires no jurisdiction unless the appellant has satisfied the requirements for appellate jurisdiction"). See, also, *Wicker v. Waldemath*, 238 Neb. 515, 471 N.W.2d 731 (1991) (absence of appellate jurisdiction requires dismissal of an appeal).

On this court's own motion, we examine whether jurisdiction exists to review the judgment which is the subject of Metrejean's appeal. See Neb. Ct. R. of Prac. 7A(2) (rev. 1989) (summary disposition on Supreme Court's own motion—absence of appellate jurisdiction). An appellate court, on its own motion, may examine and determine whether jurisdiction is lacking as the result of a procedural defect which prevents acquisition of appellate jurisdiction. See, *Wicker v. Waldemath, supra*;

*Larsen v. Ralston Bank*, 236 Neb. 880, 464 N.W.2d 329 (1991).

Neb. Rev. Stat. § 25-1912(1) (Reissue 1989) prescribes the time within which a notice of appeal must be filed to vest jurisdiction in this court, namely:

[P]roceedings to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court . . . shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the rendition of such judgment or decree or the making of such final order, a notice of intention to prosecute such appeal signed by the appellant or appellants or his, her, or their attorney of record and . . . by depositing with the clerk of the district court the docket fee required by law in appeals to the Supreme Court.

Section 25-1912(2) provides: "The running of the time for filing a notice of appeal shall be terminated as to all parties (a) by a motion for a new trial under section 25-1143, if such motion is filed by any party within ten days after the verdict, report, or decision was rendered . . . ." See, also, Neb. Rev. Stat. § 25-1143 (Reissue 1989) (an application for a new trial must be made within 10 days after the verdict or decision is rendered).

If a motion for new trial, authorized by law, has been filed within 10 days of a decision (see Neb. Rev. Stat. § 25-1143 . . . and § 25-1912(2)), the motion for new trial suspends the time limit for filing a notice of appeal. When the motion for new trial has been disposed of by the court rendering the decision, appellate jurisdiction is vested in the Supreme Court by compliance with the provisions prescribed by § 25-1912, i.e., timely notice of appeal and deposit of docket fee.

*In re Interest of B.M.H.*, 233 Neb. at 526-27, 446 N.W.2d at 224.

Metrejean's motion for new trial was filed 11 days after the district court entered its order sustaining the demurrer and, hence, was filed after the 10-day period statutorily allowed for filing a motion for new trial. See §§ 25-1143 and 25-1912(2). An untimely motion for new trial is ineffectual, does not toll the

time for perfection of an appeal, and does not extend or suspend the time limit for filing a notice of appeal. See *In re Interest of B.M.H., supra.* See, also, *Williams v. Gering Pub. Schools*, 236 Neb. 722, 463 N.W.2d 799 (1990) (motion for new trial not filed within 10 days is a nullity and does not extend time for filing a notice of appeal). Therefore, Metrejean's motion for new trial is a procedural nullity.

Neb. Rev. Stat. § 25-1912.01(1) (Reissue 1989) provides: "A motion for a new trial shall not be a prerequisite to obtaining appellate review of any issue upon which the ruling of the trial court appears in the record." Pursuant to § 25-1912.01(1), an appellate court acquires jurisdiction, notwithstanding the absence of a motion for new trial, if the requirements of § 25-1912 have been satisfied for appellate review of a final order, decision, or verdict in the trial court. See *In re Interest of B.M.H.*, 233 Neb. 524, 446 N.W.2d 222 (1989). See, also, *State v. Turner*, 221 Neb. 132, 375 N.W.2d 154 (1985).

In the present appeal, without a timely motion for new trial, Metrejean had 30 days from June 16, 1989, to perfect her appeal. See § 25-1912(1). Metrejean's notice of appeal, filed on July 26, 1989, was undeniably filed beyond the 30-day limit for filing a notice of appeal.

> It is mandatory and jurisdictional that the notice of appeal be filed within the time required by statute; where a notice of appeal is not filed within 30 days from the entry of the final order appealed from, as required by § 25-1912(1), this court obtains no jurisdiction to hear the appeal, and the appeal must be dismissed.

*State v. Flying Hawk*, 227 Neb. 878, 880, 420 N.W.2d 323, 324 (1988). See, also, *In re Interest of B.M.H., supra.*

Because Metrejean failed to comply with the requirements of § 25-1912(1) for appellate jurisdiction, this court is without jurisdiction to review the district court's judgment; therefore, Metrejean's appeal is dismissed.

APPEAL DISMISSED.