THE HORACE MANN COMPANIES, INTERVENOR-APPELLEE AND CROSS-APPELLEE, v. JANET PINAIRE, APPELLANT, JAMES WILSON, APPELLEE, AND DIANE ZIPAY, APPELLEE AND CROSS-APPELLANT. THE HORACE MANN COMPANIES, INTERVENTOR-APPELLEE AND CROSS-APPELLEE, v. JANET PINAIRE, APPELLEE AND CROSS-APPELLANT, JAMES WILSON, APPELLEE, AND DIANE ZIPAY, APPELLANT.

511 N.W.2d 541

Filed June 22, 1993. Nos. A-92-1027, A-93-029.

Patrick L. Tripp, of Brown & Tripp, Attorneys, P.C., for appellant Pinaire.

Hugh I. Abrahamson for appellant Zipay.

SIEVERS, Chief Judge, and IRWIN and WRIGHT, Judges.

SIEVERS, Chief Judge.
This matter is before the court on the motion of

intervenor-appellee, The Horace Mann Companies, for summary dismissal for lack of jurisdiction, pursuant to Neb. Ct. R. of Prac. 7B(1) (rev. 1992). We ordinarily would not issue an opinion on such motions. However, there is something to be said about the perfection of appeals and appellate jurisdiction.

Underlying these appeals is an interpleader action filed by Aetna Casualty & Surety Co. to resolve conflicting claims to the proceeds of an underinsured motorist provision of an automobile policy issued to Omaha Public Schools (OPS). The claimants, Janet Pinaire, Vivian Roper, James Wilson, and Diane Zipay, are employees of OPS and were injured while riding in an automobile owned by OPS. Zipay was driving the OPS automobile at the time of the accident and was individually insured by Horace Mann. The accident occurred when a vehicle being driven by Floyd Sherburne rear-ended the OPS vehicle driven by Zipay. Sherburne was insured by State Farm Mutual Automobile Insurance Co., with a liability limit of $50,000.

The district court for Douglas County granted summary judgment in favor of the intervenor-appellee, Horace Mann, which spawned the two appeals which we have consolidated for opinion. The appellants are Zipay and Pinaire. Appellants appear individually and have filed separate notices of appeal in each case. Horace Mann is the intervenor-appellee in both appeals. None of the other parties to the underlying action are involved in the proceedings before this court. Case No. A-92-1027 is an appeal from an order of the district court granting summary judgment in favor of Horace Mann. Case No. A-93-029 is an appeal from an order of the district court which denied appellant Pinaire's motion for reconsideration.

## FACTS

The district court found in its order for summary judgment that the four defendants in the interpleader action were employees of OPS on February 10, 1988, and were injured when the OPS automobile in which they were riding was struck from the rear by a vehicle being driven by Sherburne.

The vehicle owned by OPS was insured by Aetna. That policy provided underinsured motorist coverage in a single

liability limit of $100,000. Sherburne was insured by State Farm, with a policy which limited liability to $50,000. Horace Mann was the insurer for Zipay. Zipay's policy included underinsured motorist coverage with a single liability limit of $300,000.

The district court found that State Farm, on behalf of Sherburne, entered into settlements with all of the passengers, including Zipay and Pinaire, which settlements totaled $50,000, the limit of its liability under the policy issued to Sherburne. The court found that these settlements were made without the knowledge and consent of Horace Mann.

Thereafter, Aetna, on behalf of OPS, paid $5,000 to Roper, one of the passengers, under its underinsured motorist coverage. Aetna asserted that this settlement, after reducing its coverage of $100,000 by State Farm's payment of $50,000 pursuant to Neb. Rev. Stat. § 60-578 (Reissue 1988), left $45,000 of coverage for Pinaire, Zipay, and Wilson. Thus, Aetna filed its interpleader action to determine the division of the $45,000, and the four passengers were named as defendants.

Horace Mann intervened in the action to determine what portion of its $300,000 underinsured motorist coverage, if any, was available for payment to any of the defendants for their injury claims. The intervenor-appellee's motion for summary judgment as to all defendants was based on an argument that the early settlements with State Farm barred any claims against it by any passenger because these settlements were entered into without its knowledge and consent. The district court found that the settlements and releases entered into by the passengers were in violation of the provisions of the policy issued by the intervenor-appellee and concluded that such violation barred any claims by Pinaire, Zipay, and Wilson.

## THE APPEALS

The order granting summary judgment was entered on October 13, 1992. The defendants had 30 days in which to appeal, see Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1992), or 10 days in which to file motions for a new trial, see Neb. Rev. Stat. § 25-1143 (Reissue 1989), which would terminate the running

of the 30 days for filing the notice of appeal, see § 25-1912(2).

The following table is of assistance in detailing the filings and district court actions since the district court granted Horace Mann's motion for summary judgment on October 13, 1992.

10/13/92 (T65)

Decision on Summary Judgment

| PINAIRE | | ZIPAY | |
|---|---|---|---|
| 10/26/92 | Motion for Reconsideration (T75) | 10/19/92 | Motion for Reconsideration (T73) |
| 11/12/92 | Notice of Intent to Appeal Decision on S.J. | 11/13/92 | Motion for Leave to Amend Answer and Cross Petition (T78) [No. A-92-1027] |
| 12/08/92 | Motion for Reconsideration Overruled (T3, Doc. A-93-0029) | 11/13/92 | Notice of Intent to Appeal Decision on S.J. |
| 01/06/93 | Notice of Intent to Appeal Order of 12/08/92 [No. A-93-029] | 01/06/93 | Notice of Intent to Appeal [Overruling of] Pinaire's [Motion for Reconsideration] of 12/08/92 [No. A-93-029] |

Brief for intervenor-appellee in support of motion for summary dismissal at 2.

Case No. A-92-1027 is an appeal docketed from Zipay's notice of appeal of November 13, 1992, and Pinaire's notice of appeal of November 12, both appealing the order of October 13 granting Horace Mann summary judgment. Case No. A-93-029 is an appeal docketed from separate notices of appeal of Zipay

and Pinaire, both filed January 6, 1993, from the order of December 8, 1992, which denied Pinaire's motion for reconsideration filed October 26.

Although the postsummary judgment motions were labeled "Motion for Reconsideration," we conclude from their contents that they are, in fact, motions for new trial, as they are based on an allegation that the decision of the court is not sustained by sufficient evidence and is contrary to law. As motions for new trial, they must have been filed within 10 days of the district court's order granting summary judgment. See, *Lewis v. Gallemore*, 173 Neb. 441, 113 N.W.2d 595 (1962) (motion to reconsider which attacks the validity of an otherwise final order is a motion for new trial and must be timely filed as such); *Ruwe v. Farmers Mut. United Ins. Co.*, 238 Neb. 67, 469 N.W.2d 129 (1991) (motion for reconsideration or, in the alternative, for new trial viewed as a motion for new trial and, it is held, must be filed within 10 days).

Horace Mann argues that the only properly perfected appeal in either case is that filed by Pinaire on November 12 from the order of October 13, 1992, which granted summary judgment in favor of Horace Mann. Having reviewed the transcripts on appeal and intervenor-appellee's brief (Zipay and Pinaire did not respond to the motions for summary dismissal), we conclude that neither Pinaire nor Zipay has properly perfected an appeal in either case and that both appeals should be dismissed for lack of jurisdiction.

Our conclusion is based on the language of § 25-1912(2), which states, in relevant part:

> The running of the time for filing a notice of appeal shall be terminated *as to all parties* (a) by a motion for a new trial under section 25-1143 if such motion is filed by *any party* within ten days after the verdict, report, or decision was rendered . . . and the full time for appeal fixed in subsection (1) of this section commences to run from the entry of the order ruling upon the motion filed pursuant to subdivision (a) or (b) of this subsection. When any motion terminating the time for filing a notice of appeal is timely filed *by any party*, a notice of appeal filed before the entry of the order ruling upon the motion shall have no effect,

whether filed before or after the timely filing of the motion. A new notice of appeal shall be filed within the prescribed time from the ruling on the motion. No additional fees shall be required for such filing.

(Emphasis supplied.)

The tolling provisions of § 25-1912(2), as added by amendment in 1986 and effective January 1, 1987, have never been discussed by the Nebraska Supreme Court or this court in the context of multiple appellants, as is the situation in these appeals. We conclude, however, that the language of the statute is clear; if *any* party files a *timely* motion for new trial, the running of the time for filing a notice of appeal from a final order in the case is terminated *"as to all parties."* No statutory construction need be undertaken.

Pinaire's October 26, 1992, motion for reconsideration was filed more than 10 days after October 13 and was clearly out of time, being "ineffectual," *Metrejean v. Gunter*, 240 Neb. 166, 168, 481 N.W.2d 176, 178 (1992), and a "procedural nullity," *id.* at 169, 481 N.W.2d at 178. However, Zipay filed her motion for reconsideration on October 19, 6 days after the October 13 order granting summary judgment, which was timely, and under § 25-1912(2), the running of the 30 days for filing a notice of appeal is "terminated" until disposition of the seasonable motion. The transcript before this court does not show that Zipay's motion for reconsideration has ever been disposed of by the district court. In accordance with § 25-1912(2), the timely filing of Zipay's motion for reconsideration (new trial) terminated the running of the 30-day appeal time *"as to all parties,"* meaning both Zipay and Pinaire. The rule is clear that when a motion for new trial is seasonably filed, as is true of Zipay's motion to reconsider (deemed to be a motion for new trial), the cause remains in the district court "so long as the motion is undisposed of, and there can be no final judgment until its disposition." *Jerabek v. Ritz*, 221 Neb. 448, 449, 377 N.W.2d 540 (1985).

Additionally, the notice of appeal filed by Pinaire on November 12, 1992, from the order granting summary judgment is, according to § 25-1912(2), ineffective, as Zipay's motion was still pending. Under § 25-1912(2), the filing of

Zipay's timely motion for reconsideration (new trial) means that Pinaire's notice of appeal filed "before the entry of the order ruling upon the motion shall have no effect, whether filed before or after the timely filing of the motion." See § 25-1912(2).

In case No. A-93-029, filed January 6, 1993, both Zipay and Pinaire appeal from the December 8, 1992, overruling of Pinaire's motion for reconsideration. Pinaire's motion was filed out of time, and as such, it was "ineffectual," *Metrejean v. Gunter*, 240 Neb. at 168, 481 N.W.2d at 178, and a "procedural nullity," *id*. at 169, 481 N.W.2d at 178. The fact that the district court ruled on that untimely motion in no way cures the error of untimely filing. Cf., *Metrejean v. Gunter, supra*; *Sederstrom v. Wrehe*, 215 Neb. 429, 339 N.W.2d 74 (1983); *Corell v. Corell*, 201 Neb. 59, 266 N.W.2d 84 (1978).

Even after the district court ruled on Pinaire's untimely filed motion of October 26, 1992, which it should have treated as a nullity, the timely filed motion of Zipay of October 19 was undisposed of, and thus there was no final order on January 6, 1993, when Zipay and Pinaire appealed. The case was still pending in district court when the appeals were filed. It has long been the rule that an appellate court does not acquire jurisdiction on appeal without a final order from the lower court. *Clarke v. Nebraska Nat. Bank*, 49 Neb. 800, 69 N.W. 104 (1896). This court is without jurisdiction, and we dismiss the appeals in both cases.

APPEALS DISMISSED.