MIKE WOODWARD, DOING BUSINESS AS ISLAND MARINE, APPELLANT, V. DAVID L. YONKER, DOING BUSINESS AS CAPTAIN'S QUARTERS MARINA AND STORAGE, APPELLEE.

510 N.W.2d 480

Filed July 13, 1993.   No. A-92-165.

John B. McDermott, of McDermott & Depue, for appellant.

John R. Higgins, Jr., of Paine, Huston & Higgins, for appellee.

SIEVERS, Chief Judge, and HANNON and IRWIN, Judges.

SIEVERS, Chief Judge.
We take this opportunity to point out that the filing of a motion for a new trial in the district court on an appeal of a county court's judgment is a procedural tactic fraught with jurisdictional danger. Such a motion *does not toll* the running of the 30-day limit in which to perfect an appeal to this court.

## PROCEDURAL BACKGROUND

Mike Woodward, doing business as Island Marine, initiated this action against David L. Yonker, doing business as Captain's Quarters Marina and Storage, in the county court for Dawson County on August 3, 1989. Woodward's petition alleged that as a result of Yonker's negligence in transporting a pontoon boat, the boat upended and sustained $5,000 in damage. Trial was held on November 28, 1989. On November 29, the county court found that the parties were engaged in a joint venture, thereby making each party responsible for one-half the loss. Yonker

was ordered to pay $2,500.

On December 29, 1989, Woodward appealed the county court's decision to the district court. A hearing by conference call was held on May 31, 1990. The district court reversed the county court's decision on June 18, 1990, which is the date set forth in its written "Judgment," although we note that the clerk of the court's stamp indicates that it was not filed with that office until October 12, 1990. Woodward filed his motion for new trial on October 5, 1990. A hearing on the new trial motion occurred over 15 months later, on January 31, 1992. The district court entered an order that day overruling the motion, and the order was filed with the clerk of the court on February 3, 1992. Woodward appealed to this court on February 28, 1992.

## DISCUSSION

Jurisdiction is a prerequisite for this court's consideration of an appeal, and jurisdiction cannot be acquired unless " 'the appellant has satisfied the requirements for appellate jurisdiction.' " *Metrejean v. Gunter*, 240 Neb. 166, 167, 481 N.W.2d 176, 177 (1992) (quoting *In re Interest of B.M.H.*, 233 Neb. 524, 446 N.W.2d 222 (1989)). "An appellate court, on its own motion, may examine and determine whether jurisdiction is lacking as the result of a procedural defect which prevents acquisition of appellate jurisdiction." *Metrejean*, 240 Neb. at 167, 481 N.W.2d at 177. This court "has a duty to determine issues of jurisdiction which are apparent from the record." *J.L. Healy Constr. Co. v. State*, 236 Neb. 759, 762, 463 N.W.2d 813, 816 (1990). We therefore proceed to address the jurisdictional defect in the present appeal.

When a district court acts in the capacity of an intermediate appellate court rather than a trial court, "[a] motion for new trial is not properly presented to the district court after its decision affirming or reversing the judgment of the county court." *Collection Bureau of Lincoln v. Loos*, 233 Neb. 30, 31, 443 N.W.2d 605, 606 (1989). Consequently, a motion for new trial under these circumstances is "not a proper pleading and it does not stop the running of time for perfecting an appeal." *Interstate Printing Co. v. Department of Revenue*, 236 Neb. 110, 112, 459 N.W.2d 519, 522 (1990).

Although such a motion does not toll the time for appeal, "it is to be considered nothing more than an invitation to the district court to consider exercising its inherent power to vacate or modify its own judgment." *Russell v. Luevano*, 234 Neb. 581, 584, 452 N.W.2d 43, 46 (1990). However, such modifying or vacating must occur during the term the judgment is rendered or otherwise meet the criteria of Neb. Rev. Stat. § 25-2001 (Reissue 1989). In this case, no modification occurred, and the district court eventually overruled Woodward's motion for new trial.

In *Loos, supra*, the district court sat as an intermediate appellate court which affirmed the county court's decision. A motion for new trial was filed and subsequently overruled. An appeal was taken within 30 days of the overruling of the motion. The Nebraska Supreme Court dismissed the appeal for lack of jurisdiction, since the motion for new trial did not delay the running of the 30-day appeal time and more than 30 days had lapsed between the district court's affirmance of the county court's judgment and the filing of the appeal.

Notwithstanding that Woodward filed a motion for new trial, his appeal to this court had to be filed within 30 days of the district court's judgment reversing the county court's decision in order for this court to acquire jurisdiction. "[T]he act of the court, or a judge thereof, in pronouncing judgment, accompanied by the making of a notation on the trial docket, constitutes the rendition of a judgment or decree." *Hoffman v. Reinke Mfg. Co.*, 227 Neb. 66, 68, 416 N.W.2d 216, 219 (1987). However, the transcript here fails to include the district court's trial docket. Nonetheless, "failing a notation on the trial docket, a judgment is rendered when some written notation is made and filed in the records of the court." *Id*. "That written notation accompanied by its filing becomes the equivalent of a notation on the trial docket." *Schmuecker Bros. Implement v. Sobotka*, 217 Neb. 114, 118, 348 N.W.2d 130, 134 (1984).

Accordingly, we find that the district court's judgment was rendered when the "Judgment" was filed with the clerk of the district court on October 12, 1990. The notice of appeal was filed February 28, 1992, obviously long past the 30 days allowed by Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1992).

This court is without jurisdiction to hear the appeal.

APPEAL DISMISSED.