MICHAEL W. MANSKE, APPELLANT, V. DIANE M. MANSKE, NOW
KNOWN AS DIANE M. MARTIN, APPELLEE.
518 N.W.2d 144

Filed July 8, 1994.   No. S-92-831.

Gary B. Randall, P.C., and Elizabeth Stuht Borchers, P.C.,
of Marks & Clare, for appellant.

Terrance A. Poppe, of Hecht, Sweet, Morrow, Poppe &
Otte, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE,
FAHRNBRUCH, LANPHIER, and WRIGHT, JJ.

LANPHIER, J.

This is an appeal from two orders of the Lancaster County

District Court in a divorce action. The first order, dated July 30, 1992, modified a child support obligation set forth in a 1987 decree of dissolution. The second order, dated August 21, 1992, modified the July 30 order. The husband appeals both orders; however, he did not timely appeal the first order. A timely appeal was made of the second order. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Michael W. Manske and Diane M. Manske, now known as Diane M. Martin, were married approximately 7 years before their divorce in 1987. The marriage produced two children. The original decree ordered Michael Manske to pay a total of $260 per month in child support. On March 6, 1992, an action was brought by Martin in the district court to modify the decree. The court, having found a material change in the circumstances, modified the decree in a July 30, 1992, order to require Manske to pay a total of $729 per month in child support.

On August 11, 1992, Manske filed a "Combined Motion Re: Leave to File Post-Trial Motion Out of Time; Enlargement of Findings; New Trial; Notice of Hearing." The district court overruled the motion for new trial on August 21 and on the same date also modified the July 30 order, reducing the child support obligation of Manske to a total of $709 per month. On September 18, 1992, Manske filed a notice of appeal of both the July and August orders to the Nebraska Court of Appeals. Under our authority to regulate the caseloads of the appellate courts of this state, we removed the matter to this court.

## ANALYSIS

### JULY 30, 1992, ORDER

Jurisdiction is a prerequisite to this court's consideration of Manske's appeal. An appellate court acquires no jurisdiction unless the appellant has satisfied the requirements for appellate jurisdiction. *In re Interest of B.M.H.*, 233 Neb. 524, 446 N.W.2d 222 (1989). We must therefore examine whether jurisdiction exists to review the July 30, 1992, order of the district court from which Manske appeals. See Neb. Ct. R. of Prac. 7A(2) (rev. 1992). An appellate court, on its own motion,

may examine and determine whether jurisdiction is lacking as the result of a procedural defect which prevents acquisition of appellate jurisdiction. *Metrejean v. Gunter*, 240 Neb. 166, 481 N.W.2d 176 (1992); *Wicker v. Waldemath*, 238 Neb. 515, 471 N.W.2d 731 (1991). Timeliness of an appeal is a jurisdictional necessity and may be raised by an appellate court sua sponte. *In re Interest of J.A.*, 244 Neb. 919, 510 N.W.2d 68 (1994).

Neb. Rev. Stat. § 25-1912(1) (Cum. Supp. 1992) prescribes the time within which a notice of appeal must be filed to vest jurisdiction in this court:

> [P]roceedings to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court . . . shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the rendition of such judgment or decree or the making of such final order, a notice of intention to prosecute such appeal signed by the appellant or appellants or his, her, or their attorney of record and . . . by depositing with the clerk of the district court the docket fee required by section 33-103.

Section 25-1912(2) then provides: "The running of the time for filing a notice of appeal shall be terminated as to all parties (a) by a motion for a new trial under section 25-1143 if such motion is filed by any party within ten days after the verdict, report, or decision was rendered . . . ." See, also, Neb. Rev. Stat. § 25-1143 (Reissue 1989) (an application for a new trial must be made within 10 days after the verdict or decision is rendered). As stated in *Metrejean v. Gunter*, 240 Neb. at 168, 481 N.W.2d at 177-78:

> "If a motion for new trial, authorized by law, has been filed within 10 days of a decision (see Neb. Rev. Stat. § 25-1143 . . . and § 25-1912(2)), the motion for new trial suspends the time limit for filing a notice of appeal. When the motion for new trial has been disposed of by the court rendering the decision, appellate jurisdiction is vested in the Supreme Court by compliance with the provisions prescribed by § 25-1912, i.e., timely notice of appeal and deposit of docket fee."

Manske's motion for new trial was filed August 11, 1992. Allowing for weekends, the 10-day period for filing such a motion expired on August 10, 1992. Hence, the motion for new trial was filed after the 10-day period statutorily allowed for filing a motion for new trial. An untimely motion for new trial is ineffectual, does not toll the time for perfection of an appeal, and does not extend or suspend the time limit for filing a notice of appeal. *Metrejean v. Gunter, supra; In re Interest of B.M.H., supra.* See, also, *Williams v. Gering Pub. Schools,* 236 Neb. 722, 463 N.W.2d 799 (1990) (motion for new trial not filed within the time constraints required by statute is a nullity and does not extend the time within which a notice of appeal may be filed). While § 25-1143 allows for filing of an untimely motion for new trial after the 10-day period if a party is unavoidably prevented from timely filing such motion, as Manske herein so alleged in his combined motion, such a filing outside the 10-day time limit would not, in any event, toll the 30-day appeal time of § 25-1912(1). See § 25-1912(2). Here, there was no appeal filed within 30 days of the July 30, 1992, order, and therefore, Manske's motion for new trial is a procedural nullity for the purposes of appellate review.

It does not matter that Manske's untimely motion for new trial was overruled, even though he withdrew his motion to file posttrial motions out of time. When a motion for new trial is filed out of time, the overruling thereof does not extend the time for appeal. *Ricketts v. Continental Nat. Bank,* 169 Neb. 809, 101 N.W.2d 153 (1960). As stated in *Ricketts,* " 'A motion for new trial not filed within time cannot form the basis for extension of the time within which an appeal can be taken.' " *Id.* at 813, 101 N.W.2d at 156-57.

Neb. Rev. Stat. § 25-1912.01(1) (Reissue 1989) provides: "A motion for a new trial shall not be a prerequisite to obtaining appellate review of any issue upon which the ruling of the trial court appears on the record." Pursuant to § 25-1912.01(1), an appellate court acquires jurisdiction, notwithstanding the absence of a motion for new trial, if the requirements of § 25-1912 have been satisfied for appellate review of a final order, decision, or verdict in the trial court. *Metrejean v. Gunter,* 240 Neb. 166, 481 N.W.2d 176 (1992); *In re Interest of*

*B.M.H.*, 233 Neb. 524, 446 N.W.2d 222 (1989).

Without a timely motion for new trial, Manske had 30 days from July 30, 1992, to file his notice of appeal of the July 30 order. Manske filed his notice of appeal September 18, 1992, well beyond the statutorily mandated 30-day time limit.

Therefore, because Manske failed to comply with the requirements of § 25-1912 with respect to the July 30 order, this court has no jurisdiction to review that order, and Manske's appeal of such must be dismissed.

### AUGUST 21, 1992, ORDER

The district court modified its July 30 order in an August 21 order. On August 21, the court modified the July 30 order by providing in pertinent part:

> [O]rder . . . dated 7-30-92, is modified to allow Petitioner a deduction in the guideline calculation "Exhibit 1" for health insurance in amount of $55.00 per month. Thereby modifying the amount of child support for two child [sic] from $729 per month to $709 and for on [sic] child reduced from $469 to $457. So ordered.

In civil cases, a court of general jurisdiction has inherent power to vacate or modify its own judgments at any time during the term at which they are rendered. *Russell v. Luevano*, 234 Neb. 581, 452 N.W.2d 43 (1990); *In re Estate of Weinberger*, 207 Neb. 711, 300 N.W.2d 818 (1981); *Barney v. Platte Valley Public Power and Irrigation District*, 147 Neb. 375, 23 N.W.2d 335 (1946). This action by the trial court prior to the termination of term may be either on the court's own motion or at the request of either party. *In re Estate of Weinberger, supra.*

The July 30 order was modified on August 21 by the district court, before the termination of term. Where a second judgment in part contradicts an earlier judgment, the time for appeal from that portion of the second judgment which contradicts the earlier judgment, and that portion only, runs from the rendition of the second judgment. *Federal Land Bank v. McElhose*, 222 Neb. 448, 384 N.W.2d 295 (1986). Manske's notice of appeal of the August 21 order was filed September 18, within the statutorily prescribed 30-day time limit. See § 25-1912. Thus, this court has appellate jurisdiction to review

that portion of the August 21 order which reduced Manske's child support obligation from $729 in the July 30 order to $709 total per month.

Errors which are argued but not assigned will not be considered by an appellate court. *In re Interest of B.M.*, 239 Neb. 292, 475 N.W.2d 909 (1991); *In re Interest of T.F.P.*, 237 Neb. 922, 468 N.W.2d 116 (1991). Manske neither assigned as error nor argued that the district court erred in reducing the child support obligation in the August 21 order. The errors assigned and argued address only the July 30 order. Therefore, the district court's order of August 21 will be affirmed.

## CONCLUSION

Since the appeal of the Lancaster County District Court's order of July 30, 1992, was not timely filed, the appeal of that order is dismissed. Since Manske did not assign as error or discuss in his brief the reduction of the child support obligation in the August 21, 1992, order, that order is affirmed.

AFFIRMED IN PART, AND IN PART DISMISSED.