MICHAEL R. BREEDEN AND CARILYN BREEDEN, HUSBAND AND WIFE, APPELLANTS, V. NEBRASKA METHODIST HOSPITAL, A NEBRASKA CORPORATION, ET AL., APPELLEES.

598 N.W.2d 441

Filed July 30, 1999.   No. S-98-598.

Daniel B. Cullan, Denise M. Destache, and Paul W. Madgett, of Cullan & Cullan, for appellants.

Patrick W. Meyer, of Sodoro, Daly & Sodoro, for appellee Nebraska Methodist Hospital.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This is a medical malpractice action brought by appellants, Michael R. Breeden and Carilyn Breeden, alleging appellees Nebraska Methodist Hospital; Gregory L. Eakins, M.D.; Wesley K. Hubka, M.D.; and Janet Lemonds, a certified registered nurse anesthetist, provided negligent medical treatment when Michael underwent gallbladder surgery. Pursuant to a motion for summary judgment, the trial court dismissed Methodist Hospital with prejudice as a party defendant on April 10, 1998. The Breedens filed a motion to reconsider on April 20, which was overruled. The Breedens subsequently filed a notice of appeal on June 12, which was summarily dismissed by the Nebraska Court of Appeals as being untimely filed. The Breedens filed a motion for rehearing with the Court of Appeals which was granted, and we removed the matter to our docket pursuant to

our authority to regulate the caseloads of this court and the Court of Appeals.

## BACKGROUND

On August 16, 1994, Michael underwent gallbladder surgery at Methodist Hospital. Michael and his wife, Carilyn, are now seeking compensation for damages related to an injury suffered by Michael during the surgery. This medical malpractice case was brought against those health care providers who were responsible for Michael's care during his surgery and recovery, specifically, Eakins, the surgeon; Hubka, the anesthesiologist; Lemonds, the nurse anesthetist; and Methodist Hospital as the employer of these individuals.

In their first amended petition, the Breedens allege negligence on the part of Methodist Hospital based on two theories. First, the Breedens allege that the negligence of Methodist Hospital's agents, servants, and employees is imputed to Methodist Hospital under the theory of vicarious liability. Second, the Breedens allege negligence on the part of Methodist Hospital, Eakins, Hubka, and Lemonds based on the theory of res ipsa loquitur. Under this theory, the Breedens allege that while under the exclusive control of Methodist Hospital, Eakins, Hubka, and Lemonds, Michael suffered brain damage which, in the normal course of events, would not have happened in the absence of negligence.

Methodist Hospital motioned for summary judgment, which the trial court granted on April 10, 1998. The trial court found that Eakins, Hubka, and Lemonds were not employees of Methodist Hospital; there could be no imputed liability, and therefore, there was no genuine issue of material fact regarding Methodist Hospital. It was ordered that Methodist Hospital be dismissed with prejudice as a party defendant. The Breedens filed a motion to reconsider with the trial court on April 20, contending that the Breedens submitted sufficient evidence to show the existence of questions of fact regarding the negligence of Methodist Hospital's agents and employees. The motion was overruled.

On June 12, 1998, the Breedens filed a notice of appeal. On August 12, the Court of Appeals entered an order summarily

dismissing the Breedens' appeal. The basis for the dismissal was that the appeal had been filed out of time because the Breedens' motion to reconsider did not toll the time for filing an appeal. The Breedens subsequently filed a motion for rehearing with the Court of Appeals, asking the Court of Appeals to "grant a rehearing on the court's decision," which decision was a summary dismissal of the Breedens' appeal on the grounds that the Breedens' motion to reconsider filed in the district court did not act as a motion for new trial and did not toll the time for filing an appeal.

## STANDARD OF REVIEW

■ It is not only within the power but it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *In re Conservatorship of Holle*, 254 Neb. 380, 576 N.W.2d 473 (1998).

## ASSIGNMENT OF ERROR

The Breedens assign that the Court of Appeals erred when it found that their appeal was filed out of time because their motion to reconsider did not toll the time for filing an appeal.

## ANALYSIS

■ In order to vest an appellate court with jurisdiction, a notice of appeal must be filed within 30 days of the entry of the final order or the overruling of a motion for new trial. *Bechtold v. Gomez*, 254 Neb. 282, 576 N.W.2d 185 (1998). Under Neb. Rev. Stat. § 25-1912(2) (Cum. Supp. 1998), the running of the time for filing an appeal is terminated when a motion for new trial is filed by any party within 10 days after a verdict, report, or decision is rendered. This case presents us with the issue of whether a motion to reconsider should be treated as a motion for new trial and have the same tolling effect on the time for filing an appeal as a motion for new trial.

■ We previously addressed whether a motion to reconsider should be treated as a motion for new trial in *Bechtold v. Gomez, supra*. In *Bechtold*, the county court issued its order on May 6, 1996. On May 16, Gomez filed a pleading in the county court entitled "Motion to Reconsider & Motion for Hearing." The pleading moved the county court " 'to reconsider its Opinion

and Order of May 6, 1996 . . . .' " *Id.* at 285, 576 N.W.2d at 188. Gomez did not file a notice of appeal from the May 6 order, but waited to file his appeal until after the trial court's June 11 order on the motion to reconsider. The appeal was filed on July 8, more than 30 days after the entry of the final order on May 6. Therefore, the court considered whether it had jurisdiction to consider the appeal and, in doing so, addressed whether the motion to reconsider constituted a motion for new trial. The court declined to treat the motion to reconsider as a motion for new trial, concluding, "[a] motion for reconsideration does not toll the time for appeal and is considered nothing more than an invitation to the court to consider exercising its inherent power to vacate or modify its own judgment." *Id.* at 288, 576 N.W.2d at 189-90. The court concluded that it did not have jurisdiction to consider the appeal.

However, in *Bechtold*, the court discussed *Horace Mann Cos. v. Pinaire*, 1 Neb. App. 907, 511 N.W.2d 540 (1993), in which case the Court of Appeals concluded that the contents of certain motions labeled "Motion for Reconsideration" indicated that they were, in fact, motions for new trial because they were based on an allegation that the decision of the court was not sustained by sufficient evidence and was contrary to law. The allegation that the decision of the court was not sustained by sufficient evidence or was contrary to law is one of the reasons a new trial will be granted under Neb. Rev. Stat. § 25-1142 (Reissue 1995). The Court of Appeals in *Horace Mann Cos.* treated the motions for reconsideration as motions for new trial. Although this court discussed *Horace Mann Cos.* in the *Bechtold* opinion, it did not expressly overrule it. Subsequent to the *Bechtold* opinion, the Court of Appeals was again faced with the issue of whether to treat a motion to reconsider as a motion for new trial in *St. Joseph Dev. Corp. v. Sequenzia*, 7 Neb. App. 759, 585 N.W.2d 511 (1998). The motion to reconsider in *St. Joseph Dev. Corp.*, like in *Horace Mann Cos.*, was based on an allegation that the decision of the court was not sustained by sufficient evidence and was contrary to law. In *St. Joseph Dev. Corp.*, the Court of Appeals recognized the *Bechtold* holding but also noted that *Horace Mann Cos.* was not expressly overruled by *Bechtold v.*

*Gomez,* 254 Neb. 282, 576 N.W.2d 185 (1998). Therefore, the Court of Appeals reasoned:

> Perhaps the *Bechtold* court intended to announce a concrete rule that a postjudgment pleading entitled "Motion for Reconsideration" never acquires the status or office of a motion for new trial so as to toll the running of the 30 days to perfect an appeal to a higher court. However, we are frankly uncertain if that was the intent. But, because *Bechtold* does not overrule *Horace Mann Cos.*, we do not extend the holding of *Bechtold* to a holding that jurisdiction was not perfected in the instant case.

*St. Joseph Dev. Corp. v. Sequenzia,* 7 Neb. App. at 764, 585 N.W.2d at 514-15.

■ Simply labeling a pleading as a motion to reconsider or a motion for rehearing does not toll the time for filing an appeal. The only pleading which tolls the time for the filing of an appeal is a motion for new trial as set out in § 25-1142, and the motion must state the statutory grounds found in this section. Mislabeling the pleading has caused confusion, and it should not be an appellate court's duty to try to decipher from ambiguous pleadings what it is the pleader is claiming and what the relief is that is requested.

■ In an effort to end this confusion, we hold prospectively that from October 1, 1999, forward, if the pleading does not state explicitly that a new trial is requested and does not set forth the statutory grounds for a new trial as provided in § 25-1142, the pleading will not be treated as a motion for new trial and will not toll the time for filing an appeal. This holding will overrule *Horace Mann Cos. v. Pinaire,* 1 Neb. App. 907, 511 N.W.2d 540 (1993), and *St. Joseph Dev. Corp. v. Sequenzia, supra,* to the extent they hold otherwise.

In the instant case, the Breedens' motion for reconsideration filed in the district court stated, "In support of their motion, Plaintiffs state that they submitted sufficient evidence to show the existence of questions of fact regarding the negligence of Methodist Hospital agents and employees. . . . Plaintiffs respectfully request the court to reconsider its previous decision and overrule Defendant Nebraska Methodist Hospital's Motion for Summary Judgment." The Breedens have not, in their motion for

reconsideration filed in the district court, alleged any of the statutory grounds for a motion for new trial as set out in § 25-1142, and in their prayer they have not requested a new trial.

## CONCLUSION

The Breedens' motion for reconsideration filed in the district court is not a motion for new trial and does not toll the time for appeal as set forth in § 25-1912(2). Therefore, the summary dismissal of this case by the Court of Appeals was correct.

APPEAL DISMISSED.