STATE OF NEBRASKA, APPELLEE, V.
TODD A. SCHMIDT, APPELLANT.
668 N.W.2d 525

Filed September 2, 2003.   No. A-02-1278.

Glenn A. Shapiro, of Gallup & Schaefer, for appellant.

Jon Bruning, Attorney General, and Kevin J. Slimp for appellee.

HANNON, INBODY, and MOORE, Judges.

INBODY, Judge.

## INTRODUCTION

Todd A. Schmidt appeals the Douglas County District Court's order affirming the county court's denial of his motion for discharge of his criminal case. Schmidt appealed to this court. The State has filed a motion for summary dismissal for the reason that the district court lacked jurisdiction at the time it entered its order because neither the county court order nor the notice of

appeal to the district court bore a dated file stamp from the clerk of the county court.

## STATEMENT OF FACTS

On April 19, 1996, a complaint was filed against Schmidt, charging him with driving under the influence. Schmidt proceeded without counsel and failed to appear for a pretrial hearing. A capias was issued for his arrest, and in March 2002, Schmidt was finally arrested.

Schmidt filed a motion for discharge, and a hearing thereon was held on April 4, 2002. Although the court apparently denied Schmidt's motion for discharge on April 4, the journal entry was not file stamped. Schmidt appealed to the district court, but the notice of appeal does not bear a file stamp. A hearing was held in the district court on October 3, and on October 8, the district court affirmed the county court's denial of Schmidt's motion for discharge. Schmidt has appealed to this court.

While this case has been pending before this court, a supplemental transcript was filed containing a file-stamped copy of the county court's journal entry and order denying Schmidt's motion for discharge. This journal entry and order was file stamped December 12, 2002.

## ANALYSIS

■ The sole issue at this juncture of the appeal is whether this court has jurisdiction over Schmidt's appeal. It is not only within the power but it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Breeden v. Nebraska Methodist Hosp.*, 257 Neb. 371, 598 N.W.2d 441 (1999).

■ Neb. Rev. Stat. §§ 25-1301(3) and 25-2729(3) (Cum. Supp. 2002) provide that a judgment is entered by the clerk of the court by placing the file stamp and date upon a rendered judgment. It follows that without the clerk's doing so, the judgment has not been entered. *State v. Wahrman*, 11 Neb. App. 101, 644 N.W.2d 572 (2002).

In the instant case, the county court's journal entry and order was not file stamped by the clerk of the county court. Therefore, the judgment was not entered when Schmidt filed his notice of

appeal, which also was not file stamped by the clerk of the court. Ordinarily, § 25-2729(5) would operate to make a prematurely filed notice of appeal be treated as filed after entry of a judgment or final order; however, in the instant case, the county court's order was not file stamped until *after* the district court had already considered and decided Schmidt's appeal. Therefore, when the district court determined Schmidt's appeal, the court did not have jurisdiction to do so, and the district court's order must be vacated.

■ It follows then that because the district court lacked jurisdiction to consider Schmidt's appeal, this court likewise lacks jurisdiction over his appeal. When a lower court does not have jurisdiction over the case before it, an appellate court also lacks jurisdiction to review the merits of the claim. *Armour v. L.H.*, 259 Neb. 138, 608 N.W.2d 599 (2000). We note that the county court order was properly file stamped on December 12, 2002, and the district court would now have jurisdiction over Schmidt's appeal pursuant to § 25-2729(5).

## CONCLUSION

Having determined that the district court lacked jurisdiction over Schmidt's appeal, we likewise lack jurisdiction over this appeal. Consequently, we grant the State's motion for summary dismissal and vacate the district court's order.

VACATED AND DISMISSED.