STATE OF NEBRASKA, APPELLEE, V.
GARY A. STUART, APPELLANT.
671 N.W.2d 239

Filed November 18, 2003. No. A-02-1105.

Jeff T. Courtney, of Pfeffer & Courtney, for appellant.

Jon Bruning, Attorney General, and Kevin J. Slimp for appellee.

HANNON and INBODY, Judges, and BUCKLEY, District Judge, Retired.

BUCKLEY, District Judge, Retired.
## INTRODUCTION
Gary A. Stuart appeals from an order of the district court for Douglas County sustaining the State's motion to dismiss his appeal due to the absence of a trial court record. For the reasons set forth below, we dismiss the appeal for lack of jurisdiction and order the district court to vacate its order and to dismiss Stuart's appeal from the county court for lack of jurisdiction.

## BACKGROUND
On February 15, 2001, two complaints were filed in the Douglas County Court charging Stuart with assault in the third degree and disorderly conduct. Following a bench trial in county court, Stuart was found guilty and was convicted of both charges. The trial court sentenced him to 6 months in jail on the assault charge and 90 days in jail on the disorderly conduct charge, with the sentences to run concurrently. On June 18, Stuart requested an appeal bond, and the trial court set bond at $1,000, which Stuart subsequently provided. On June 20, Stuart filed with the Douglas County Court a notice of appeal, praecipe for transcript, and praecipe for bill of exceptions. Along with his notice of appeal, Stuart filed a motion for leave to proceed in forma pauperis and an affidavit in support of the motion.

Stuart was represented by David Tarrell from the Douglas County public defender's office in all proceedings in the county court, including the filing of the appeal documents. However, within a short time after the appeal was filed, Tarrell was informed by Stuart that he had retained attorney Jeff Courtney to represent Stuart on appeal. On July 11, 2001, Tarrell contacted the Douglas County transcription department and told it to stop production of the transcript and the bill of exceptions that had been ordered for Stuart's appeal. Tarrell stopped that production because he did not want the public defender's office to incur the cost associated with having the transcript and bill of exceptions prepared when he was no longer representing Stuart.

Courtney entered an appearance in court on July 11, 2001, as Stuart's new counsel. Courtney also went to the office of the

clerk of the Douglas County Court and examined Stuart's court file, which Courtney observed to contain a properly executed notice of appeal, praecipe for transcript, and praecipe for bill of exceptions. Neither Courtney nor Stuart were advised by Tarrell or anyone else that Tarrell had stopped the production of a bill of exceptions in the county court.

It is the Douglas County transcription department's policy to destroy taped recordings of county court criminal hearings and trials after 6 months when an appeal is not on file. The tape of Stuart's county court proceedings has been destroyed, and no bill of exceptions was ever prepared. Therefore, there is no record of the trial court proceedings. On August 23, 2002, the State filed a motion to dismiss Stuart's appeal to the district court based on the absence of a trial court record. The district court sustained the State's motion to dismiss, and Stuart now appeals to this court.

## ASSIGNMENT OF ERROR

Stuart assigns that the district court erred in sustaining the State's motion to dismiss his appeal based on the absence of a trial court record.

## STANDARD OF REVIEW

■ When dispositive issues on appeal present questions of law, an appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *State v. March*, 265 Neb. 447, 658 N.W.2d 20 (2003); *State v. Birge*, 263 Neb. 77, 638 N.W.2d 529 (2002).

## ANALYSIS

■ We first address the State's position that the district court should have dismissed Stuart's appeal for lack of jurisdiction. It is not only within the power but it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it. *Breeden v. Nebraska Methodist Hosp.*, 257 Neb. 371, 598 N.W.2d 441 (1999); *State v. Schmidt, ante* p. 150, 668 N.W.2d 525 (2003). A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law, which requires the appellate court to reach a conclusion independent of the lower court's decision. *State v. Jones*,

264 Neb. 671, 650 N.W.2d 798 (2002); *State v. Canaday*, 263 Neb. 566, 641 N.W.2d 13 (2002).

The State alleges that the district court lacked jurisdiction over Stuart's appeal because Stuart failed to perfect his appeal to the district court. In order to perfect an appeal from the county court, the appealing party must within 30 days of the judgment file with the clerk of the county court a notice of appeal and deposit with the clerk of the county court a docket fee in the amount of the filing fee in district court. Neb. Rev. Stat. § 25-2729(1) (Cum. Supp. 2002). Satisfaction of these two requirements "shall perfect the appeal and give the district court jurisdiction of the matter appealed." § 25-2729(2). As an alternative to depositing a docket fee, a person appealing who is unable to pay the required fee may file an application to proceed in forma pauperis, which application shall include an affidavit of poverty. See Neb. Rev. Stat. § 25-2301.01 (Cum. Supp. 2002). The record shows that Stuart timely filed a notice of appeal with the county court and an application to proceed in forma pauperis accompanied by an affidavit. However, Stuart did not sign the poverty affidavit. Rather, the affidavit was signed by Stuart's attorney.

The State contends that the attorney's signature, purporting to sign the affidavit on behalf of Stuart, is not sufficient to vest the district court with jurisdiction. The State relies on *In re Interest of T.W. et al.*, 234 Neb. 966, 453 N.W.2d 436 (1990), which held that absent good cause evident in the record, a poverty affidavit signed by an appellant's attorney is not sufficient to vest an appellate court with jurisdiction. At that time, the applicable statute in effect was Neb. Rev. Stat. § 25-2301 (Reissue 1989), which allowed an appeal to proceed without the prepayment of costs "by a person who makes an affidavit that he or she is unable to pay such costs or give security. Such affidavit shall state the nature of the action, defense, or appeal and affiant's belief that he or she is entitled to redress." The court concluded in *In re Interest of T.W. et al., supra*, that based on § 25-2301, the appellant, and not his or her attorney, must sign the affidavit in support of the motion to proceed in forma pauperis. Further, the Nebraska Supreme Court explained the rationale against allowing an attorney to sign an affidavit on behalf of his client as follows:

The practice of an attorney's filing an affidavit on behalf of his [or her] client asserting the status of that client is not approved, inasmuch as not only does the affidavit become hearsay, but it places that attorney in a position of a witness[,] thus compromising his [or her] role as an advocate.

*In re Interest of T.W. et al.*, 234 Neb. at 967-68, 453 N.W.2d at 437.

Section 25-2301 has been subsequently revised. The current statute, which is found at § 25-2301.01 and became effective August 28, 1999, states in part:

An application to proceed in forma pauperis shall include an affidavit stating that the *affiant* is unable to pay the fees and costs or give security required to proceed with the case, the nature of the action, defense, or appeal, and the affiant's belief that he or she is entitled to redress.

(Emphasis supplied.) Although the statute requiring an appellant to submit a poverty affidavit when requesting to proceed in forma pauperis has been modified since *In re Interest of T.W. et al., supra*, the statute has not changed the requirement as to who must sign the affidavit.

In addition, Nebraska Supreme Court cases which have addressed poverty affidavit requirements have not changed the holding in *In re Interest of T.W. et al., supra*. See, *State v. Heitman*, 262 Neb. 185, 629 N.W.2d 542 (2001); *State v. McLemore*, 261 Neb. 452, 623 N.W.2d 315 (2001); *State v. Campbell*, 260 Neb. 1021, 620 N.W.2d 750 (2001); *State v. Dallman*, 260 Neb. 937, 621 N.W.2d 86 (2000). In fact, *State v. Dallman, supra*, recognized the holding in *In re Interest of T.W. et al., supra*, albeit as dictum.

We conclude that Stuart's poverty affidavit, which was signed by Stuart's attorney rather than by Stuart without good cause shown on the record, was not sufficient to vest the district court with jurisdiction. It follows then that because the district court lacked jurisdiction to consider Stuart's appeal, this court likewise lacks jurisdiction over his appeal. When a lower court does not have jurisdiction over the case before it, an appellate court also lacks jurisdiction to review the merits of the claim. *Armour v. L.H.*, 259 Neb. 138, 608 N.W.2d 599 (2000); *State v. Schmidt, ante* p. 150, 668 N.W.2d 525 (2003). Since we do not have jurisdiction, we do not reach Stuart's assignment of error

that the district court erred in sustaining the State's motion to dismiss based on the absence of a trial court record.

## CONCLUSION

We conclude that Stuart's poverty affidavit was not sufficient to vest the district court with jurisdiction. Because the district court lacked jurisdiction to consider Stuart's appeal, we are also without jurisdiction, and we dismiss Stuart's appeal. We nevertheless have jurisdiction to require the district court to vacate its order and to dismiss the appeal from the county court, which we do.

APPEAL DISMISSED, AND CAUSE
REMANDED WITH DIRECTIONS.