## KRESHIK ET AL. v. SAINT NICHOLAS CATHEDRAL OF THE RUSSIAN ORTHODOX CHURCH OF NORTH AMERICA.

No. 824.   Decided June 6, 1960.

*Philip Adler* and *Eugene Gressman* for petitioners.

*Ralph Montgomery Arkush* and *Charles H. Tuttle* for respondent.

PER CURIAM.

The motion for leave to proceed upon the record in No. 3, October Term, 1952, and the petition for certiorari, are granted.

In a prior decision in this litigation, we held that the right conferred under canon law upon the Archbishop of the North American Archdiocese of the Russian Orthodox Greek Catholic Church, as the appointee of the Patriarch of Moscow, to the use and occupancy of the St. Nicholas Cathedral in New York City, owned by respondent corporation, was "strictly a matter of ecclesiastical government," and as such could not constitutionally be impaired by a state statute, New York Religious Corpo-

rations Law, Art. 5–C, purporting to bestow that right on another. *Kedroff* v. *St. Nicholas Cathedral,* 344 U. S. 94. We reversed a judgment of the New York Court of Appeals against the petitioners' predecessors in office, and remanded the case for "further action . . . not in contravention" of our opinion. *Id.,* at 121.

The Court of Appeals ordered a retrial of the question of petitioners' right to use and occupancy, on a common-law issue assertedly left open by our invalidation of the statutory basis for the former decision. 306 N. Y. 38, 114 N. E. 2d 197. After trial, the Court of Appeals directed the entry of judgment against petitioners, holding that, by reason of the domination—so found by that court to be the fact—of the Patriarch by the secular authority in the U. S. S. R., his appointee could not under the common law of New York validly exercise the right to occupy the Cathedral. 7 N. Y. 2d 191, 164 N. E. 2d 687.

As the opinions of the Court of Appeals make evident, compare 302 N. Y., at 29–33, 96 N. E. 2d, at 72–74, with 7 N. Y. 2d, at 209–216, 164 N. E. 2d, at 696–700, the decision now under review rests on the same premises which were found to have underlain the enactment of the statute struck down in *Kedroff.* 344 U. S., at 117–118. But it is established doctrine that "[i]t is not of moment that the State has here acted solely through its judicial branch, for whether legislative or judicial, it is still the application of state power which we are asked to scrutinize." *N. A. A. C. P.* v. *Alabama,* 357 U. S. 449, 463. See *Shelley* v. *Kraemer,* 334 U. S. 1, 14–16, and cases there cited. Accordingly, our ruling in *Kedroff* is controlling here, and requires dismissal of the complaint.

*Reversed.*