MICHAEL KANE, APPELLANT, V. STEVE VODICKA, NEBRASKA STATE
PENITENTIARY SAFETY OFFICER, ET AL., APPELLEES.

471 N.W.2d 136

Filed June 21, 1991.   No. 89-175.

Michael Kane, pro se.

Robert M. Spire, Attorney General, and Melanie J. Whittamore for appellees.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

CAPORALE, J.

Appellant, Michael Kane, while an inmate at the Nebraska State Penitentiary, filed a petition against the appellees, prison officials and employees, seeking various orders, injunctive relief, and compensatory and punitive damages stemming from alleged unsanitary conditions at the penitentiary's "big kitchen." Following a telephonic hearing, the district court sustained the defendants' demurrer and dismissed the petition. Kane's assignment of error takes issue with the district court's finding that his petition failed "to state a claim for which [it] has jurisdiction." We reverse and remand for further proceedings.

Chief among the allegations against the defendants "individually and in their official capacities" are claims that the penitentiary's "big kitchen" is dirty, understaffed, undersized, mismanaged, and insect-infested; that Kane has found foreign objects, such as wire, metal fragments, and a pastry brush

bristle, in his food; and that he no longer eats many foods, avoiding those in which foreign objects could be concealed, because "[t]he big kitchen scares the hell out of" him.

It appears defendants were served only through the Attorney General and not individually. They therefore demurred in their official capacity only, claiming that the district court had no jurisdiction of the subject of the action and that the petition did not state facts sufficient to constitute a cause of action. The suit against them as individuals is therefore not before us.

We begin our analysis by noting that Kane has been discharged from the penitentiary. His first five prayers for relief combine, in effect, to request that the district court order defendants to discontinue alleged unsanitary practices and begin performing their duties in a sanitary manner. These remedies are injunctive, albeit containing both prohibitory and mandatory elements, in that they aim to prevent future harm. See, e.g., *Koenig v. Southeast Community College*, 231 Neb. 923, 438 N.W.2d 791 (1989); *County of Knox v. City of Creighton*, 214 Neb. 196, 333 N.W.2d 395 (1983).

This court has consistently held that a case becomes moot when the issues presented are no longer alive. See, e.g., *Department of Health v. Manor Care, Inc.*, 237 Neb. 269, 465 N.W.2d 764 (1991); *Mullendore v. School Dist. No. 1*, 223 Neb. 28, 388 N.W.2d 93 (1986). Kane's release from imprisonment means that he can no longer be harmed by defendants' official conduct. Thus, the claims for injunctive relief to prevent future harm are no longer alive, and, accordingly, they are moot. We thus need not, and do not, concern ourselves further with those matters.

The remaining portions of Kane's prayer seek compensatory and punitive damages, attorney fees, and costs. Although the prayer of a petition is not a part of the factual allegations and is not considered in determining whether a cause of action has been stated, *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 234 Neb. 789, 452 N.W.2d 746 (1990), the petition does contain factual allegations which sound in tort. As to these allegations, we must determine whether the district court correctly concluded it lacked subject matter jurisdiction.

Neb. Const. art. I, § 13, declares: "All courts shall be open,

and every person, for any injury done him in his lands, goods, person or reputation, shall have a remedy by due course of law, and justice administered without denial or delay." Neb. Rev. Stat. § 24-302 (Reissue 1989) provides: "The district courts shall have and exercise general, original and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided."

We have neither been directed to, nor have we found, anything which purports to divest the courts of jurisdiction to determine a case in which a prisoner seeks monetary damages from his keepers. On the contrary, Neb. Rev. Stat. § 81-8,214 (Cum. Supp. 1990) specifically vests in the district court jurisdiction to hear tort claims filed against the state. Indeed, prisoner actions seeking damages from jailers have been entertained in this state. Thus, the district court had subject matter jurisdiction, which is defined as the power to hear and determine a case of the general class or category to which the proceedings in question belong and to deal with the general subject involved in the action before the court. *State ex rel. Gaddis v. Gaddis*, 237 Neb. 264, 465 N.W.2d 773 (1991). For prisoner cases decided under such power, see, e.g., *Daniels v. Andersen*, 195 Neb. 95, 237 N.W.2d 397 (1975) (prisoner successfully brought negligence action against city, under Political Subdivisions Tort Claims Act, for injuries suffered while incarcerated in city "drunk tank"); *Webber v. Andersen*, 187 Neb. 9, 187 N.W.2d 290 (1971), *appeal after remand*, *Webber v. City of Omaha*, 190 Neb. 678, 211 N.W.2d 911 (1973) (action by prisoner seeking damages for injuries suffered when assaulted by other inmates); *O'Dell v. Goodsell*, 149 Neb. 261, 30 N.W.2d 906 (1948), *appeal after remand* 152 Neb. 290, 41 N.W.2d 123 (1950) (action against sheriff for wrongful death of decedent while incarcerated).

We do not at this time consider whether Kane succeeded in stating a cause of action, for even if he did not, he must be given an opportunity to amend his petition in an effort to remedy any such defect as may exist. Neb. Rev. Stat. § 25-854 (Reissue 1989); *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, *supra* (failing to grant leave to amend after sustaining demurrer constituted abuse of discretion).

Accordingly, we reverse the judgment and remand the cause for further proceedings.

REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

FAHRNBRUCH, J., concurs in the result.