**Robert HANSON, Plaintiff,**

v.

**Joseph CHESNEY, et al., Defendants.**

**Civil Action No. 98–3354.**

United States District Court,
E.D. Pennsylvania.

Feb. 25, 1999.

Robert Hanson, pro se.

Randall J. Henzes, Philadelphia, PA, for defendants.

*MEMORANDUM AND ORDER*

ANITA B. BRODY, District Judge.

Plaintiff Robert Hanson ("Hanson"), an inmate at SCI–Frackville, brought suit under 42 U.S.C. § 1983 against corrections officers ("COs") Gerald Knarr and Robert Shaffer.[1] Hanson alleges that the defendants violated his Eighth Amendment

---

1. An additional defendant, Joseph Chesney, who is the Superintendent at SCI–Frackville, was dismissed from this case by an earlier order.

rights by failing to protect him against an attack by a fellow prisoner. Defendants have moved to dismiss based on failure to exhaust administrative remedies, failure to state a claim upon which relief can be granted, and qualified immunity. Because plaintiff has failed to exhaust administrative remedies, as mandated by 42 U.S.C. § 1997e(a), I will grant defendants' motion to dismiss.

## I. FACTS

When ruling on a motion to dismiss, I take the facts presented in plaintiff's complaint as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), and draw all inferences in the light most favorable to the plaintiff. *Rocks v. Philadelphia,* 868 F.2d 644, 645 (3d Cir.1989). On February 18, 1998, Hanson was playing dominoes in the inmate activity area in C–Building at the Frackville facility. The defendants were the COs on duty at the time. An inmate named Medina approached Hanson from behind, and without warning, slashed Hanson across the left side of the neck with a razor. After a struggle, during which Hanson was slashed again, Hanson managed to pin Medina on the floor. This part of the struggle took approximately five minutes. When the defendants arrived, they verbally ordered both of the inmates to stop. Hanson responded by letting Medina's hand go free, and Medina slashed Hanson again. Hanson re-pinned Medina's hand on the floor. One of the defendants shouted another order to stop. Hanson complied and relaxed his grip, and Medina slashed him yet again. The defendants then physically intervened, restrained Medina and knocked the razor from his hand. Both prisoners were then handcuffed. After two and one-half minutes, Hanson was taken to the control station, where he was questioned for five minutes before being taken to the medical department. As a result of his injuries, Hanson received sixty-eight stitches. A misconduct report was issued against both prisoners. Hanson was charged with fighting and refusing to obey an order. The latter charge was dismissed, however, and Hanson was given thirty days for fighting. He was also removed from the job he had held in the prison kitchen.

Hanson claims that the defendant COs failed to follow proper procedure in monitoring the inmate activity area, because both were stationed at the front desk, rather than having one of the COs walking the periphery of the activity area to watch over the inmates. He claims that if the COs had been following proper procedure, Medina would not have attacked him. He also claims that the defendants should have immediately intervened physically, rather than verbally ordering the prisoners to stop fighting, and that he was slashed twice as a result of the defendants' failure to intervene. Hanson requests damages—in the form of lost wages following his removal from his kitchen job and punitive damages; and injunctive relief—in the form of "cosmetic surgery at the cost of the facility during the plaintiff [sic] confinement there"[2] and an order transferring him from SCI–Frackville.

## II. Exhaustion of Administrative Remedies

In the Prison Litigation Reform Act ("PLRA"),[3] Congress mandated that prisoners exhaust administrative remedies before bringing suit in federal court over prison conditions.

No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by

---

**2.** Although he requests an order that the prison provide cosmetic surgery, (in his reply to defendants' motion to dismiss, he repeated that he seeks "cosmetic surgical relief" (Pl.'s Reply at 5)), this request could be construed as one for damages for future medical expenses. To the extent that Hanson wants surgery to be performed while he is in custody, I note that neither defendant is in a position to provide "cosmetic surgical relief."

**3.** Pub.L. No. 104–134, 110 Stat. 1321 (1996).

a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). In this case, plaintiff does not contend that he has exhausted administrative remedies.[4] Instead, he simply asserts that there is no administrative relief available for addressing the claim and relief he seeks, specifically monetary damages and "cosmetic surgical relief."

There is a significant split among the courts which have addressed the issue as to whether § 1997e(a)'s exhaustion requirement applies to claims for monetary damages. Compare *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir.1997) (federal prisoners seeking purely monetary damages need not exhaust administrative remedies) with *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir.1998) (suggesting that exhaustion is required even if prisoner seeks only monetary damages). The rationale for allowing a suit seeking purely monetary damages to go forward without requiring exhaustion is that, if the administrative proceedings do not provide for money damages, there is no "available" administrative procedure to exhaust. *See, e.g., Whitley v. Hunt*, 158 F.3d 882, 886–87 (5th Cir.1998). Some courts have reasoned that Congress did not intend for prisoners to pursue pointless administrative remedies before bringing suit in federal court. *See id.*

Without commenting on the merits of those arguments, I find they are not applicable here, where the plaintiff has requested both damages and injunctive relief. Hanson's only pure claim for monetary relief is his request for punitive damages. His other "damages" claim—for back pay—is based upon his being removed from his job in the prison kitchen following the fight with Medina. He appears to believe that he was wrongfully removed from this job based on the misconduct report. This claim could probably be addressed to prison officials, even if there is no procedure for awarding back pay. With regard to his claim for cosmetic surgery—if he truly wants the surgery, and is not claiming damages for future medical treatment—he has not demonstrated that there are no avenues of administrative relief available to him. Finally, he asks me to issue an order transferring him from SCI–Frackville, but has failed to specifically state why he cannot first address this request to prison officials. Allowing Hanson to escape the exhaustion requirement of § 1997e(a) on these claims because he has included a claim for monetary damages would eviscerate § 1997e(a). Finally, in the face of § 1997e(a)'s command that "No action ... shall be brought ... until such administrative remedies as are available are exhausted," Hanson's bald, unsupported assertion that there are no administrative remedies available is not sufficient to withstand dismissal.

## III. Conclusion

Because plaintiff has failed to exhaust administrative procedures prior to bring-

---

4. Hanson does not dispute that this is "an action with respect to prison conditions" for the purposes of applying § 1997e(a). Such an argument might rest on an analogy between excessive force claims and failure to protect claims, which are both brought under the Eighth Amendment. The courts are divided over whether a prisoner's claim of excessive force require exhaustion under § 1997e(a). *See Carter v. Kiernan*, 1999 WL 14014 (S.D.N.Y.1999) (noting the dispute and citing cases). Without addressing the merits of the arguments on either side of that issue, claims that prison guards used excessive force or intentionally injured an inmate are distinguishable from this case. Here, the plaintiff is claiming that the CO's failure to follow prison procedure invited an attack upon him. Such a claim directly implicates the prison's procedures for monitoring the safety of the inmates. I am guided by the court's statement in *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), "describing 'the protection [an inmate] is afforded against other inmates' as a 'conditio[n] of confinement' subject to the strictures of the Eighth Amendment" (quoting *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991)), in concluding that Hanson's claim is an "action with respect to prison conditions" requiring exhaustion under § 1997e(a).

ing this action under 42 U.S.C. § 1983, as mandated by 42 U.S.C. § 1997e(a), defendants' motion is granted and this case is dismissed.