ANDREW PARIZEK, APPELLANT, V. RONCALLI CATHOLIC
HIGH SCHOOL OF OMAHA, APPELLEE.
655 N.W.2d 404

Filed November 26, 2002.    No. A-01-827.

Jeffrey A. Silver for appellant.

Patrick M. Flood, of Hotz, Weaver, Flood & Breitkreutz, for appellee.

SIEVERS, INBODY, and CARLSON, Judges.

INBODY, Judge.

## INTRODUCTION

Andrew Parizek appeals the decision of the Douglas County District Court sustaining the demurrer of Roncalli Catholic High School of Omaha (Roncalli) and dismissing Parizek's second amended petition for lack of jurisdiction. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On or about March 17, 2000, Parizek executed a teacher contract of employment with Roncalli for the 2000-2001 school year. By its terms, the employment contract could be terminated

or altered by mutual agreement, and the contract could be terminated for cause on 30 days' notice to the employee. Additionally, Roncalli reserved the right to terminate the contract "immediately without notice or hearing, in the event of overt conduct in violation of Catholic Church doctrine, or marriage in violation of Catholic Church doctrine, or any other conduct which reflects grave discredit upon the school."

On or about June 23, 2000, Parizek requested to be released from his employment contract for the 2000-2001 school year with Roncalli in order to pursue a teaching position with Ralston Public Schools. In response to this request, Duane J. Gross, president and principal of Roncalli, advised Parizek by letter that Roncalli would not release him from the contract and that unless Parizek reaffirmed his commitment to his contract in writing by June 28, Parizek would forfeit $1,000 of his June paycheck and his fringe benefits, including health insurance, would not continue past the end of June. Parizek did not reaffirm his commitment to the Roncalli contract, and Roncalli withheld Parizek's paycheck for June, July, and August and terminated his fringe benefits, including health insurance.

On August 25, 2000, Parizek filed a petition for declaratory judgment seeking a determination that Roncalli "constructively terminated [Parizek's employment] [c]ontract [and] that [he] is therefore free to contract with Ralston School District without violating the Nebraska Professional Practices Teacher Code of Ethics or otherwise placing his teaching certificate at risk." Roncalli answered Parizek's petition, asserting that Parizek was estopped from claiming that he was constructively discharged by Roncalli by his letter of resignation. Roncalli also asserted two counterclaims against Parizek. Roncalli's second counterclaim alleged that Parizek breached his employment contract by resigning his position and that Roncalli was therefore entitled to damages in the amount of $4,701.55.

On April 12, 2001, Parizek filed a second amended petition for declaratory judgment seeking a determination that the employment contract for the 2000-2001 school year was "a contract of adhesion, unconscionable and unenforceable," or that Roncalli constructively terminated the employment contract. Roncalli filed a demurrer to Parizek's second amended petition,

alleging that the district court lacked jurisdiction to determine whether the contract was unconscionable or a contract of adhesion. Parizek did not request damages in either petition. On May 17, the district court sustained Roncalli's demurrer and granted Parizek 2 weeks to file a third amended petition. Parizek did not file a third amended petition, and on June 26, the district court dismissed Parizek's second amended petition with prejudice. Parizek has timely appealed to this court.

## ASSIGNMENT OF ERROR

Parizek's sole assignment of error is that the district court erred in sustaining Roncalli's demurrer for lack of jurisdiction to determine whether the employment contract was unconscionable or a contract of adhesion.

## STANDARD OF REVIEW

In an appellate court's review of a ruling on a demurrer, the court is required to accept as true all the facts which are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the conclusions of the pleader. *Northwall v. State*, 263 Neb. 1, 637 N.W.2d 890 (2002); *J.B. Contracting Servs. v. Universal Surety Co.*, 261 Neb. 586, 624 N.W.2d 13 (2001).

The use and determination of a demurrer in actions for declaratory judgment are controlled by the same principles as those that apply in other cases. *Logan v. Department of Corr. Servs.*, 254 Neb. 646, 578 N.W.2d 44 (1998); *Pratt v. Clarke*, 8 Neb. App. 199, 590 N.W.2d 426 (1999), *reversed in part on other grounds* 258 Neb. 402, 604 N.W.2d 822. In an appeal from a declaratory judgment, an appellate court, regarding questions of law, has an obligation to reach its conclusion independent from the trial court. *Id.* Lack of jurisdiction is a proper ground for a demurrer to a petition. *Id.*

## ANALYSIS

Parizek contends that the district court erred in sustaining Roncalli's demurrer for lack of jurisdiction to determine whether the employment contract was unconscionable or a contract of adhesion because of the following contractual language: "[T]his contract may be terminated immediately without notice

or hearing, in the event of overt conduct in violation of Catholic Church doctrine, or marriage in violation of Catholic Church doctrine, or any other conduct which reflects grave discredit upon the school."

An unconscionable agreement is defined as "[a]n agreement that no promisor with any sense, and not under a delusion, would make, and that no honest and fair promisee would accept." Black's Law Dictionary 68 (7th ed. 1999). Unconscionability is determined in light of all the surrounding circumstances, including (1) the manner in which the parties entered into the contract, (2) whether the parties had a reasonable opportunity to understand the terms of the contract, and (3) whether the important terms were hidden in a maze of fine print. *Adams v. American Cyanamid Co.*, 1 Neb. App. 337, 498 N.W.2d 577 (1992).

A church may enter into contracts, which contracts are enforceable in civil court; however, the courts may not inquire into contractual matters whose enforcement would require a searching and therefore impermissible inquiry into church doctrine. See, *Serbian Orthodox Diocese v. Milivojevich*, 426 U.S. 696, 96 S. Ct. 2372, 49 L. Ed. 2d 151 (1976); *Watson v. Jones*, 80 U.S. (13 Wall.) 679, 20 L. Ed. 666 (1871); *Gabriel v. Immanuel Evan. Luth. Church*, 266 Ill. App. 3d 456, 640 N.E.2d 681, 203 Ill. Dec. 761 (1994). Such an inquiry would violate the First Amendment, which prohibits government interference with religion. U.S. Const. amend. I and XIV. The limitation placed upon the government by the First Amendment also extends to the judicial and legislative branches. See *Kreshik v. St. Nicholas Cathedral*, 363 U.S. 190, 80 S. Ct. 1037, 4 L. Ed. 2d 1140 (1960). However, courts may make secular inquiries into church contracts when based on neutral principles of law. See, *Jones v. Wolf*, 443 U.S. 595, 99 S. Ct. 3020, 61 L. Ed. 2d 775 (1979); *Minker v. Baltimore Annual Conf.*, 894 F.2d 1354 (D.C. Cir. 1990).

We first consider Parizek's argument that because Roncalli included a breach of contract counterclaim in its answer to Parizek's first petition, Roncalli cannot avail itself of the protection granted by the First Amendment. We note that Parizek's first petition sought a declaratory judgment and determination that Roncalli "constructively terminated [Parizek's employment] [c]ontract [and] that [he] is therefore free to contract with Ralston

School District without violating the Nebraska Professional Practices Teacher Code of Ethics or otherwise placing his teaching certificate at risk." However, in his second amended and operative petition, Parizek sought a declaratory judgment and determination that his employment contract was "a contract of adhesion, unconscionable and unenforceable," or that Roncalli constructively terminated his employment contract.

The pleadings are the written statements by the parties of the facts constituting their respective claims and defenses. Neb. Rev. Stat. § 25-801 (Reissue 1995). The only pleadings allowed are (1) the petition by the plaintiff, (2) the answer or demurrer by the defendant, (3) the demurrer or reply by the plaintiff, and (4) the demurrer to the reply by the defendant. Neb. Rev. Stat. § 25-803 (Reissue 1995). An amended pleading supersedes the original pleading in civil cases, and after an amended pleading is filed, the original pleading ceases to perform any office as a pleading. See, *In re Interest of Rondell B.*, 249 Neb. 928, 546 N.W.2d 801 (1996); *Midwest Laundry Equipment Corp. v. Berg*, 174 Neb. 747, 119 N.W.2d 509 (1963). A pleading which has been superseded by an amended pleading is only evidence of the facts therein alleged and must be introduced as any other evidence in order to be considered. *Whalen v. U S West Communications*, 253 Neb. 334, 570 N.W.2d 531 (1997); *Sleezer v. Lang*, 170 Neb. 239, 102 N.W.2d 435 (1960).

In the instant case, after Roncalli filed its answer to Parizek's petition, Parizek filed a second amended petition which superseded the original pleadings (petition, answer, and reply), whereupon the original pleadings ceased to perform any function as pleadings. Further, Roncalli's superseded answer may not be used as evidence of the facts contained therein because no evidence was introduced in the instant case, and the trial court granted summary judgment in favor of Roncalli based upon Parizek's second amended petition and Roncalli's demurrer. Therefore, Parizek's argument that Roncalli cannot avail itself of the protection of the First Amendment due to the breach of contract counterclaim included in Roncalli's answer to Parizek's first petition has no merit.

We have found authority from other jurisdictions which have determined that a court's inquiry into a religious institution's

decision to hire or terminate a teacher was not permissible where such an inquiry would require the court to examine church doctrine. For example, in *Little v. Wuerl*, 929 F.2d 944 (3d Cir. 1991), a teacher who was employed by a Catholic school and whose employment contract was not renewed due to her remarriage appealed the trial court's grant of summary judgment in favor of the school for lack of jurisdiction. The contract contained a clause which stated:

> "Teacher recognizes the religious nature of the Catholic School and agrees that Employer has the right to dismiss a teacher for serious public immorality, public scandal, or public rejection of the official teachings, doctrine or laws of the Roman Catholic Church, thereby terminating any and all rights that the Teacher may have hereunder . . . ."

*Id.* at 945. The appellate court affirmed the lower court's decision, stating that "if this court were to review the [school's] decision, it would be forced to determine what constitutes 'the official teachings, doctrine or laws of the Roman Catholic Church.' " *Id.* at 948.

In *Basinger v. Pilarczyk*, 125 Ohio App. 3d 74, 707 N.E.2d 1149 (1997), the Basingers, former teachers at a religious institution, brought a suit for breach of contract and age discrimination, alleging that they had been improperly terminated. The Ohio Court of Appeals for the First District held that it lacked jurisdiction to determine the breach of contract claim, but that the Basingers were entitled to an opportunity to demonstrate that the school's doctrinal reason for their termination was not the real motivation, a claim over which the court had jurisdiction.

In *Gabriel v. Immanuel Evan. Luth. Church*, 266 Ill. App. 3d 456, 640 N.E.2d 681, 203 Ill. Dec. 761 (1994), the Appellate Court of Illinois for the Fourth District held that it lacked jurisdiction to consider a breach of contract claim brought by Gabriel against her church after the church withdrew its offer to employ her as a parochial school kindergarten teacher. The court determined that the process by which a church hires its teachers is an ecclesiastical matter and that inquiry into the reasons for the withdrawal of an offer is foreclosed by the First Amendment.

Thus, the issue presented here is if, in order to determine whether Parizek's employment contract was unconscionable or

a contract of adhesion, we must inquire into church doctrine. Although the aforementioned cases dealt with different issues than the issues raised in the instant case, we believe that the analysis employed by the other jurisdictions is equally applicable. Because of the language included in the Roncalli employment contract, in order to determine if the terms contained in the contract rendered it unconscionable, this court would be required to inquire into church doctrine to ascertain the meaning of the contract's terms. Such an inquiry is not permitted by the First Amendment. Consequently, the judgment of the district court is affirmed.

AFFIRMED.