Debra Aldrich et al., on behalf of Bethel Lutheran
Church, appellants, v. Clarke Nelson et al.,
on behalf of Bethel Lutheran Church
and Bethel Evangelical Lutheran
Church Foundation of Holdrege,
Nebraska, Inc., appellees.

___ N.W.2d ___

Filed February 20, 2015.    No. S-14-143.

1. **Motions to Dismiss: Jurisdiction: Rules of the Supreme Court: Pleadings: Appeal and Error.** A motion to dismiss for lack of jurisdiction under Neb. Ct. R. Pldg. § 6-1112(b)(1) which is limited to a facial attack on the pleadings is subject to a de novo standard of review.

2. **Constitutional Law: Civil Rights.** The First Amendment to the U.S. Constitution prohibits governmental interference with religion. This limitation applies to all three branches of government, including the judiciary.

3. **Courts: Civil Rights: Words and Phrases.** One of two approaches taken by courts handling issues of religious autonomy is the deference to polity approach.

4. ____: ____: ____. The deference to polity approach to issues of religious autonomy is a rule of deference to the internal structure of decisionmaking adopted by a church. If the church is congregational in polity, the rule of the majority of the local congregation prevails. But if the church is hierarchical, a civil court must defer to the decision of properly constituted hierarchal authorities within the church.

5. ____: ____: ____. One of two approaches taken by courts handling issues of religious autonomy is the neutral principles approach.

6. **Civil Rights: Words and Phrases.** Neutral principles have been defined as secular legal rules whose application to religious parties or disputes does not entail theological or religious evaluations.

7. **Civil Rights.** The neutral principles approach to issues of religious autonomy involves making a secular analysis of all relevant documents such as church charters, constitutions, bylaws, articles of incorporation, canons of the church, relevant deeds and trusts, and significant state statutes from a secular, not religious, perspective.

8. **Appeal and Error.** An issue not presented to or passed on by the trial court is not appropriate for consideration on appeal.

Appeal from the District Court for Phelps County: Terri S. Harder, Judge. Reversed and remanded for further proceedings.

Robert A. Mooney, Frederick D. Stehlik, William L. Biggs, and Abbie M. Schurman, of Gross & Welch, P.C., L.L.O., for appellants.

Scott E. Daniel, of Gettman & Mills, L.L.P., and Kurth A. Brashear, of Brashear, L.L.P., for appellees.

HEAVICAN, C.J., WRIGHT, CONNOLLY, McCORMACK, MILLER-LERMAN, and CASSEL, JJ.

HEAVICAN, C.J.

## INTRODUCTION

Debra Aldrich and some of her fellow parishioners (Minority Members) at Bethel Lutheran Church (Bethel) brought this action on behalf of Bethel against other members (Majority Members) of Bethel. The district court dismissed for lack of subject matter jurisdiction. The Minority Members appeal. We reverse, and remand for further proceedings.

## FACTUAL BACKGROUND

This case involves an intrachurch dispute between the members of Bethel, a nonprofit corporation organized under Nebraska law. Prior to January 17, 2011, Bethel, which is located in Holdrege, Nebraska, was affiliated with the Evangelical Lutheran Church of America (ELCA). It appears that on May 23 and August 22, 2010, the Bethel congregation voted by at least a two-thirds majority vote to disaffiliate from the ELCA and instead sought to affiliate with the Lutheran Congregation in Mission for Christ (LCMC), although information regarding the vote is not explicitly included in the record. The Majority Members appeared before the ELCA's synod council and sought the termination of their ELCA affiliation, but that termination was not granted.

Subsequently, and despite the decision by the synod council, the Majority Members affiliated with the LCMC and employed a non-ELCA pastor. In addition, Bethel's governing documents were amended, including Bethel's constitution.

Following a demand on the Majority Members, the Minority Members filed suit seeking declaratory judgment, an accounting, and an injunction against the dissipation of assets. In its amended complaint, the Minority Members sought declarations that (1) Bethel was a member of the ELCA; (2) Bethel continued to be governed by its own constitution and bylaws and by the constitution, bylaws, and continuing resolutions

of the ELCA; (3) the Majority Members violated the Bethel constitution and bylaws when it created a membership relationship with the LCMC; (4) as an ELCA church, Bethel may not be dually affiliated with the LCMC; (5) as an ELCA church, Bethel may not be ministered by a non-ELCA pastor; (6) the Majority Members have no authority over the property and assets of Bethel; and (7) Bethel's foundation and its assets are subject to the control of Bethel as an ELCA affiliate and not Bethel as an LCMC affiliate.

The Majority Members filed a motion to dismiss. The district court granted the motion, concluding:

> [The Minority Members sought] a determination by the court that [the Majority Members'] efforts in changing affiliation, and revising / adopting new corporate governance documents [were] prohibited and void because [the Majority Members] were not given permission to do so by the Nebraska Synod Council of the ELCA. Such determinations cannot be made without delving into the doctrinal dispute that precipitated a majority of the members to pursue disaffiliation from the ELCA and how, whether, and which ELCA documents govern [the Majority Members'] corporate actions.

The Minority Members appeal.

## ASSIGNMENT OF ERROR

On appeal, the Minority Members assign, restated and consolidated, that the district court erred in dismissing for lack of subject matter jurisdiction without allowing leave to amend.

## STANDARD OF REVIEW

[1] A motion to dismiss for lack of jurisdiction under Neb. Ct. R. Pldg. § 6-1112(b)(1) which is limited to a facial attack on the pleadings is subject to a de novo standard of review.[1]

## ANALYSIS

The Minority Members assign that the district court erred in concluding that it did not have jurisdiction over this litigation.

---

[1] See *Anderson v. Wells Fargo Fin. Accept.*, 269 Neb. 595, 599, 694 N.W.2d 625, 629 (2005).

[2] The First Amendment to the U.S. Constitution prohibits governmental interference with religion.[2] This limitation applies to all three branches of government, including the judiciary.[3] There are generally two approaches courts take in handling issues of religious autonomy.

[3,4] The first is the "deference to polity" approach, adopted by the U.S. Supreme Court in *Watson v. Jones*.[4] This is a rule of deference to the internal structure of decisionmaking adopted by the church itself.[5] If the church is congregational in polity, the rule of the majority of the local congregation prevails.[6] But if the church is hierarchical, a civil court must defer to the decision of properly constituted hierarchal authorities within the church.[7]

[5-7] The second approach is known as the neutral principles approach.[8] Neutral principles have been defined as "secular legal rules whose application to religious parties or disputes do[es] not entail theological or religious evaluations."[9] This approach involves making a "secular analysis of all relevant documents, such as church charters, constitutions, bylaws, articles of incorporation, canons of the church, relevant deeds and trusts, and significant state statutes"[10] from a secular, not religious, perspective.[11] This approach is more

---

[2] U.S. Const. amends. I and XIV.

[3] See *Kreshik v. St. Nicholas Cathedral*, 363 U.S. 190, 80 S. Ct. 1037, 4 L. Ed. 2d 1140 (1960). See, also, *Parizek v. Roncalli Catholic High School*, 11 Neb. App. 482, 655 N.W.2d 404 (2002).

[4] *Watson v. Jones*, 80 U.S. (13 Wall.) 679, 20 L. Ed. 666 (1871). See *Wehmer v. Fokenga*, 57 Neb. 510, 78 N.W. 28 (1899).

[5] 1 William W. Bassett et al., Religious Organizations and the Law § 3:7 (2013).

[6] *Id*.

[7] *Id*.

[8] See *Jones v. Wolf*, 443 U.S. 595, 99 S. Ct. 3020, 61 L. Ed. 2d 775 (1979). See, also, *Medlock v. Medlock*, 263 Neb. 666, 642 N.W.2d 113 (2002); *Parizek v. Roncalli Catholic High School, supra* note 3.

[9] 77 C.J.S. *Religious Societies* § 123 at 107 (2006).

[10] *Id*.

[11] *Id*.

commonly used when dealing with contracts for goods or services, or in cases involving property disputes.[12]

On appeal, the Minority Members urge this court to conclude that the synod council's decision not to permit Bethel to leave the ELCA was entitled to deference under *Watson*. The Minority Members alternatively argue that this case does not involve a doctrinal dispute, but, rather, is simply one involving the interpretation and application of church governance documents and thus can be decided using neutral principles of law.

We agree with the Minority Members' contention that the district court erred in concluding that it lacked jurisdiction. Bethel is a nonprofit corporation organized under Nebraska law, and relevant statutes are applicable. And the issue presented by this litigation can be decided by examining state statutes and church governance and other relevant documents and using neutral principles of law. The district court erred in granting the Majority Members' motion to dismiss for lack of subject matter jurisdiction under § 6-1112(b)(1).

[8] We reverse the decision of the district court concluding that it lacked jurisdiction and remand this cause for further proceedings including, though not limited to, the disposition of the Majority Members' still-pending motion to dismiss. We need not address this motion on appeal, however, as it was not passed upon by the district court.[13]

## CONCLUSION

Having concluded that the district court erred in finding that it lacked jurisdiction over this action, we reverse, and remand for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

STEPHAN, J., not participating.

---

[12] 2 William W. Bassett et al., Religious Organizations and the Law § 10:50 (2013).

[13] See *Niemoller v. City of Papillion*, 276 Neb. 40, 752 N.W.2d 132 (2008).